■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ESPINOSA, Appellant.—Judgment, Supreme Court, New York County (Irving Lang, J.), rendered May 11, 1987, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of five to ten years, unanimously affirmed.

Defendant's motion to dismiss the indictment pursuant to CPL 30.30 was properly denied. At least 35 of the 213 days between defendant's arraignment on the felony complaint *(People v Lomax,* 50 NY2d 351) and the prosecutor's in-court declaration of readiness were excludable. The 28 day period between April 24 and May 22 is excludable under CPL 30.30 (4) (c), as defendant was the subject of a stayed bench warrant at that time. The trial prosecutor's undisputed account of the proceedings satisfactorily establishes that the adjournment occurred under circumstances most advantageous to defendant. *(People v Meierdiercks,* 68 NY2d 613; *People v Worley,* 66

NY2d 523, 527.) Accordingly, the People were not required to trace their lack of readiness to defendant's actions before exclusion of the period is warranted. *(People v Worley, supra.)* The seven day period from the date of defendant's motion to dismiss and the date of the prosecutor's response is excludable under CPL 30.30 (4) (a). *(People v Kendzia,* 64 NY2d 331, 338.)

Subtracting these periods which must be excluded from the computation of the six months within which the People were required to announce their readiness and without addressing the additional periods of time that are disputed on appeal, some of which would also be excludable, the People's announcement of readiness was timely.

We also find that defendant is not entitled to a reversal on account of the prosecutor's summation. Defendant's arguments in support of this claim are either meritless or unpreserved. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.