■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLL MITCHELL, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered August 15, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him as a predicate felon to an indeterminate prison term of 4½ to 9 years, unanimously affirmed.

Defendant was convicted on evidence that police officers using binoculars, observed defendant selling crack on a publi street. Defendant asserts that is was improper for the tria court to admit evidence that defendant possessed money in h left pants pocket at the time of his arrest. Although this issu is not preserved for appellate review (CPL 470.05 [2]), it clear, in any event, that such evidence was relevant as corroborated the police officer's testimony that after a sa defendant placed money in his left pocket. *(See, People*

*Molineux,* 168 NY 264, 293; *cf., People v Jones,* 62 AD2d 356.) Moreover, any potential prejudicial effect of the admission was limited by precluding testimony as to the amount of money recovered.

Testimony that defendant was arrested following receipt of a radioed description of the defendant, if violative of *People v Trowbridge* (305 NY 471, 474-477), was at most inferential bolstering, and certainly harmless in light of the strong evidence of defendant's identification. *(See, People v Milburn,* 19 NY2d 910, 911.)

We have considered defendant's other claims and find them to be meritless. Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.