■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered January 19, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on a Brooklyn street for selling two vials of crack-cocaine to an undercover police officer in a "buy and bust" narcotics operation. Upon arrest a few minutes after the sale, the back-up police officers recovered from the defendant 60 additional vials of crack-cocaine and a sum of United States currency, including a pre-recorded 10 dollar bill used to consummate the sale to the undercover officer. Approximately 35 minutes after his arrest, the undercover officer identified the defendant at a station house showup as the individual who had sold crack-cocaine to her.

Prior to trial, the defendant moved for a Wade hearing on the ground that the undercover officer's post-arrest identification of him at the precinct was "unduly and unnecessarily suggestive". The court denied the motion, reasoning that the identification procedure was merely confirmatory in nature and thus not subject to suppression. We agree.

Distinctions between the observation powers of civilian

witnesses to a crime and those of trained professional police officers have been recognized by the courts *(see, People v Morales,* 37 NY2d 262, 271). Although showup identifications by civilian witnesses are by their nature suggestive *(see, People v Riley,* 70 NY2d 523, 529; *People v Adams,* 53 NY2d 241, 249), it is well settled that a station house viewing by an undercover officer is not tainted by the kind of "per se suggestive or improper bolstering present in showup identifications by civilian witnesses * * * too often resulting in misidentification" *(People v Wharton,* 74 NY2d 921, 923). Rather, as the Court of Appeals noted in *People v Wharton (supra,* at 922), where the identification is made by a trained undercover police officer who has observed the defendant in a face-to-face transaction, a station house viewing several hours later is not the kind of identification procedure "ordinarily burdened or compromised by forbidden suggestiveness, warranting a lineup procedure or *Wade* hearing".

In the present case, the viewing took place only 35 minutes after the narcotics transaction, lending further support to its reliability because it occurred at a "time sufficiently connected and contemporaneous to the arrest itself as to constitute the ordinary and proper completion of an integral police procedure" *(People v Wharton, supra,* at 922-923). Accordingly, we agree with the court that the identification was merely confirmatory in nature.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.