■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK JOHNSON, Appellant.—Judgment, Supreme Court, Bronx County (Daniel J. Sullivan, J.), rendered August 8, 1989, convicting defendant, after jury trial, of murder in the second degree (three counts), and attempted murder in the second degree (two counts), and sentencing him to consecutive terms of imprisonment of 25 years to life on each murder count and 8⅓ to 25 years on each attempted murder count, unanimously affirmed.

Overwhelming evidence at trial established that defendant, acting in concert with four others, went to a Bronx apartment known as a drug-processing mill, to "straighten out" a dispute over drug-selling territory. After directing five occupants of

the apartment to strip, defendant and his accomplices took their jewelry, money and drugs. When an accomplice announced that all occupants would be killed and opened fire at the huddled victims, defendant fired all five rounds contained in his shotgun at the group. All were hit by bullets, and three of the victims died. Two survivors identified defendant at trial as one of the two shooters, as did an accomplice who had agreed to testify against defendant in exchange for a favorable plea bargain.

Defendant failed to object to any portion of the trial court's charge, and thus failed to preserve his claims of error therein for appellate review as a matter of law (CPL 470.05; *People v Thomas*, 50 NY2d 467). In any event, the trial court's charge to the jury included full instructions on accomplice status, acting-in-concert by "intentional participation in the commission of a crime", and intent. It stressed repeatedly that the People had the absolute burden of proving beyond a reasonable doubt "that each person intended the unlawful act" and that this burden of proof applied to all submitted counts. Thus, despite the trial court's use of the phrase "defendant or an accomplice" in connection with the elements of the crimes charged, the jury charge as a whole conveyed the appropriate legal standards *(People v Thomas, supra)*. Additionally, it is noted that in view of the overwhelming nature of the evidence of defendant's intent to shoot down five defenseless people, any error in the jury charge regarding intent is rendered harmless beyond a reasonable doubt *(see, e.g., People v Smalls*, 55 NY2d 407).

We have reviewed defendant's remaining claims and find them to be both unpreserved for appellate review as a matter of law and meritless. Concur—Carro, J. P., Milonas, Wallach, Ross and Rubin, JJ.