■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J., at hearing, trial and sentence), rendered December 18, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate prison term of from 4-½ to 9 years, unanimously affirmed.

Although the People should not ordinarily introduce evidence of unmarked cash removed from a defendant absent charges of multiple sales or possession with intent to sell *(see, People v Haynes,* 172 AD2d 242, *lv denied* 78 NY2d 967), we note that the People did not use this evidence to show that the defendant was in the business of selling drugs *(cf., People v Jones,* 62 AD2d 356). Moreover, the evidence was relevant as corroborating the officer's testimony that defendant had received money from the buyer moments before the arrest *(People v Sanchez,* 181 AD2d 499; *People v Mitchell,* 171 AD2d 403). In any event, given the relatively small amount of money ($64) and the overwhelming evidence of the defendant's guilt, even if we were to have found error in the introduction of this evidence, we would have found it harmless *(see, People v Cotto,* 169 AD2d 517).

The challenged statement of the defendant, made before he was advised of his constitutional rights, need not have been suppressed, since the defendant had initiated the conversation and the arresting officer responded immediately and only briefly by specifying the offense he had observed *(see, People v Hampton,* 129 AD2d 736). Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.