■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MEDINA, Appellant. [603 NYS2d 858] —Judgment, Supreme Court, New York County (Albert Williams, J., on CPL 30.30 motion; Dorothy Chin-Brandt, J., at trial), rendered September 25, 1991 which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentenced him to a term of 10 months, unanimously affirmed.

Contrary to defendant's contention, his motion to dismiss the indictment pursuant to CPL 30.30 was properly denied. Even if a 29 day period for which the reason for the delay is not apparent and a 6 day period, from February 22-28, 1991, when, despite the issuance of a bench warrant, it is not clear from the record whether the prosecutor answered ready, are charged to the People, 6 months of non-excludable time did not lapse. With respect to the 14 day period from September 7, 1990 until September 21, 1990, during which time the bench warrant was stayed on counsel's request, we adhere to our ruling in People v Espinosa (170 AD2d 309, lv denied 78 NY2d 954), that this was a period accruing to defendant's benefit and is not chargeable to the People. Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.