OPINION OF THE COURT
Joseph A. Grosso, J.
The defendant was originally charged in a felony complaint with criminal possession of stolen property in the fourth degree (Penal Law § 165.45) and unauthorized use of a vehicle in the third degree (Penal Law § 165.05). The felony complaint was reduced to a misdemeanor complaint pursuant to CPL 180.50 on September 27, 1993 and the 90-day "speedy trial ready rule” commenced on that date (see, CPL 30.30 [5] [c]; People v Ferrara, 102 Misc 2d 253 [Crim Ct, Queens County 1979]). The charges were not fully corroborated until December 30, 1993, 93 days after reduction. The defendant now moves pursuant to CPL 170.30 (1) (e) and CPL 30.30 (1) (b) for an order dismissing the accusatory instrument and contending that her rights to a speedy trial have been violated. The People concede that an effective statement of readiness was not filed until more than 90 days from the reduction of the felony complaint had elapsed. However, the People contend that the period of time between October 12, 1993 and November 21, 1993, a time that a bench warrant was ordered but its execution stayed, should be excluded in computing the CPL 30.30 time notwithstanding the fact that neither a facially sufficient information nor an effective statement of readiness had been filed. There are no other factual issues in dispute.
ANALYSIS
CPL 30.30 (4) (c) was amended by chapter 670 of the Laws of 1984 with an intended legislative aim to overrule two Court of Appeals decisions, People v Colon (59 NY2d 921 [1983]) and People v Sturgis (38 NY2d 625 [1976]; see, Preiser, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1994 Pocket Part, at 25; see also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 171-172). The objective was to make the period of time that a bench warrant was outstanding against a defendant excludable from CPL 30.30 ready rule computations. For nearly a decade following this amendment, trial courts debated and appellate courts were divided as to whether the due diligence requirement to secure a defendant’s appearance before the court had been eliminated (compare, *219 People v Quiles, 176 AD2d 164 [1st Dept 1991], with People v Bolden, 174 AD2d 111 [2d Dept 1992]). In 1993, the Court of Appeals in People v Bolden (81 NY2d 146) held that the Legislature had not achieved its aim and that prosecutors were obligated to show a due diligent effort in securing a defendant’s appearance or face the penalty of having the speedy trial time charged against them during the period that a warrant was outstanding.
There are a number of reported decisions which hold that the period of time during which a bench warrant is stayed is excludable for CPL 30.30 purposes (see, e.g., People v Medina, 198 AD2d 146 [1st Dept 1993]; People v Espinosa, 170 AD2d 309 [1st Dept 1991]; People v Fischer, 132 Misc 2d 258 [Crim Ct, NY County 1986]; People v Smith, 141 Misc 2d 568 [Crim Ct, Kings County 1988]; People v Clinton, 152 Misc 2d 555 [Crim Ct, Kings County 1991]). I have reviewed the above-cited cases and believe that they are factually distinguishable. The cases dealt with either a trial-ready accusatory instrument or the exercise of due diligence on a misdemeanor complaint to render the adjournments excludable.
In its most basic elements, CPL 30.30 (4) in its treatment of excludable times is a "cause-effect” provision, that is, if the delay is caused by or attributable to the defendant, then the time is excludable (see, People v Worley, 66 NY2d 523 [1985]). (I note that an exception to this cause-effect analysis occurs in CPL 30.30 [4] [¶] where a defendant is without counsel through no fault of the court. If it is the court’s fault that a defendant is without counsel, the ensuing period of time is chargeable to the prosecutor [see, People v Cortes, 80 NY2d 201 (1992)].) It is also clear from existing case law that three elements must be present simultaneously for the People to state ready for trial effectively and to stop the speedy trial clock. They are:
(1) an actual present availability of trial witnesses;
(2) a jurisdictionally sufficient accusatory instrument; and
(3) the defendant’s appearance before the court or a showing of due diligence in an attempt to secure the defendant’s appearance. (See, People v Caussade, 162 AD2d 4 [2d Dept 1990], lv denied 76 NY2d 984; People v Kendzia, 64 NY2d 331 [1985].)
In a misdemeanor prosecution, a defendant has a statutory right to be prosecuted by a misdemeanor information (see, CPL 170.65 [1]). This right may be waived by a defendant and the defendant may consent to be prosecuted by a complaint *220 (see, CPL 170.65 [1]; People v Connor, 63 NY2d 11 [1984]). In this case, the defendant neither expressly nor implicitly consented to be prosecuted by a misdemeanor complaint. There was no conduct which the defendant engaged in which caused the People’s inability to convert the complaint into a jurisdictionally sufficient trial accusatory instrument prior to December 30, 1993. The stayed bench warrant did not relieve the People of their obligation to convert the charges into an information.
Under the circumstances of this case, I conclude that all preconversion time must be charged to the prosecutor in the absence of an express consent to the adjournment by the defendant (see, People v Liotta, 79 NY2d 841 [1992]; People v Battaglia, 187 AD2d 808 [3d Dept 1992]). While People v Worley (supra) requires the court to exclude periods of delay caused by the defendant when he or she consents to an adjournment, the Court of Appeals has made it clear that the consent must be expressly made (People v Liotta, supra). A preconversion request for a stayed bench warrant is an appeal by a defendant for the exercise of judicial discretion to withhold the execution of warrant. Such a request, standing alone, does not constitute the express consent required by our appellate courts for the adjournment to be excluded under CPL 30.30 (4) (b). Should the request for a stayed bench warrant occur after a jurisdictionally sufficient accusatory instrument is filed, such a request could relieve the People of their obligation to show due diligence under CPL 30.30 (4) (c) during this period since defense counsel under normal circumstances would seek to return the defendant voluntarily to the court through his/her own efforts. As such, the postconversion stayed bench warrant time could be properly excluded.
Accordingly, I conclude that more than 90 days of chargeable time has elapsed. The defendant’s motion to dismiss is, therefore, granted.