■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD PORCH, Appellant. [622 NYS2d 251] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered October 30, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to 4½ to 9 years, unanimously affirmed.

Defendant was not deprived of his right to a speedy trial. Contrary to defendant's contention, the speedy trial period commenced on the filing of the felony complaint on January 21, 1990 *(People v Sinistaj,* 67 NY2d 236, 239) rather than on defendant's arrest date *(People v Ali,* 209 AD2d 227).

Most of defendant's claims regarding the denial of his motion are not reviewable by this Court, due to defendant's failure to provide an adequate record on appeal to controvert the trial court's findings *(People v Kramer,* 181 AD2d 449, 449-450, *lv denied* 79 NY2d 949). In any event, the record reflects that only 125 days were chargeable to the People.

A hearing is not warranted since defendant failed to challenge the prosecutor's allegation in his affirmation that the 17 day period from June 29, 1990 through July 16, 1990 was excludable due to motion practice related to codefendant Jones *(People v Gruden,* 42 NY2d 214). As to post-readiness delay, the 16 day period from October 22, 1990 through November 7, 1990 and the 19 day period from November 7, 1990 through November 26, 1990, were excludable since bench warrants were stayed on each occasion and "this was a period accruing to defendant's benefit" *(People v Medina,* 198 AD2d 146, *lv denied* 83 NY2d 807), even though the People incorrectly conceded these periods below *(People v Ali, supra).*

The 17 day period from November 9, 1990 through November 26, 1990, and the 7 day period from February 19, 1991 through February 26, 1991 were excludable due to motion practice related to defendant's two speedy trial motions *(People v Shannon,* 143 AD2d 572, *lv denied* 73 NY2d 860).

Testimony that a number of $1 bills were recovered from defendant one half hour after the officer saw a buyer hand some money, including a $1 bill, to defendant's accomplice, who in turn handed it to defendant in exchange for one vial of cocaine, was properly admitted at trial. Such testimony was relevant to corroborate the officer's testimony that she was able to see the $1 bill while observing defendant through binoculars from a fourth floor window *(People v Perez,* 185 AD2d 147, *lv denied* 80 NY2d 976), and also "demonstrated the method of operation of defendants and * * * that they had acted in concert in the charged sale" *(People v Witherspoon,* 156 AD2d 306, 307, *affd* 77 NY2d 95, *cert denied* 499 US 967). Furthermore, if there was any error in the admission of such evidence, it was harmless in light of the minimal amount of money ($34) involved *(People v Perez, supra).*

The charge as a whole properly conveyed to the jury that it must first determine whether a sale had occurred, notwithstanding the court's reference to the buyer named in the indictment during its instructions on the elements of the crime and acting in concert *(People v Johnson,* 181 AD2d 509, *lv denied* 80 NY2d 833). Concur—Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.