OPINION OF THE COURT
Megan Tallmer, J.
The defendant is charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), a misdemeanor. He moves to dismiss the accusatory instrument on the ground that he has been denied his right to a speedy trial. CPL 30.30 (1) (b) requires the People to be ready for trial within 90 days of the commencement of the action, absent excludable time.
This action commenced on August 29, 1994 with the filing of a misdemeanor complaint in Criminal Court and the defendant’s arraignment thereon. The case thereafter was adjourned several times for production of the Department of Motor Vehicles (DMV) records to convert the misdemeanor complaint into a valid information. It is undisputed that the period from August 29, 1994 until October 19, 1994, a total of 51 days, is chargeable to the People because they did not have a triable accusatory instrument.
On October 19, 1994, the case was adjourned to December 1, 1994, again for production of the DMV records. On November 22, 1994, the 85th day after arraignment, the People filed, off-calendar, a statement of readiness for trial along with the DMV records and mailed copies to defense counsel. This was done in compliance with People v Kendzia (64 NY2d 331, 337 [1985]), which allows the prosecution to communicate readiness by sending a written notice of readiness to defense counsel and the appropriate court clerk, to be placed in the original record. On December 1, 1994, defendant did not appear because he was in the hospital and the case was put over to January 12, 1995.
Defendant argues that all time from August 29, 1994 until December 1, 1994, a total of 94 days, should be charged to the People because defendant was not arraigned on an information during that time period. This argument is premised on a Court of Appeals decision, People v England (84 NY2d 1 [1994]), which held that a written statement of readiness coinciding with the filing of an indictment was not valid because defendant was not arraigned on the indictment prior to the expiration of the People’s time to be ready for trial. *952 Defendant contends that this holding applies to misdemeanors as well and should control in this case.
This court does not agree that England (supra) applies in the misdemeanor context. In England, the defendant originally was arraigned on a felony complaint in Town Court. Exactly six months later, an indictment was filed in County Court. The defendant was arraigned on the indictment beyond the allowable six-month speedy trial period. The Court of Appeals held that "in the unusual circumstances presented,” the People could not genuinely have declared their readiness before defendant was arraigned on the indictment in County Court. (84 NY2d, at 3-4, supra.) The Court reasoned that "[defendant could not have been brought to trial before arraignment, the process by which the court acquires jurisdiction over a defendant.” (84 NY2d, at 4-5, supra.)
In a misdemeanor case, however, a local Criminal Court acquires jurisdiction over a defendant upon his or her arraignment on a misdemeanor complaint. (See, CPL 1.20 [1] [defining "accusatory instrument” to include a misdemeanor complaint], [7] [filing of misdemeanor complaint commences a criminal action], [9] [defining "arraignment” as "the occasion upon which a defendant * * * appears before the court in which the criminal action is pending”].) Absent a waiver by defendant, a misdemeanor complaint must be converted to an information before defendant can be prosecuted (CPL 170.65). Conversion of a misdemeanor complaint to an information, however, does not result in a change in the court exercising jurisdiction over defendant.
By contrast, an indictment can be filed only in a superior court (CPL 1.20 [3]; 210.05) and a defendant against whom a felony complaint has been pending must be arraigned in superior court following the filing of an indictment (CPL 210.10). The critical differences between converting a case from a misdemeanor complaint to an information and indicting a defendant following the filing of a felony complaint led this court to conclude that England (supra) does not preclude the People from being ready on an information, notwithstanding that defendant has not formally been arraigned on the information pursuant to CPL 170.65 (1). (See also, People v Mitchell, NYLJ, July 11, 1995, at 29, col 1 [App Term, 1st Dept] [absent any prejudice to defendant, failure to arraign defendant upon a legally sufficient amended information does not require dismissal of the amended information].) Therefore, the court finds that the People’s statement of readiness on *953 November 22, 1994 was valid and they are charged with 85 days of prereadiness delay.
DECEMBER 1, 1994 TO FEBRUARY 23, 1995
This period is excludable as motion practice. (CPL 30.30 [4] [a].)
FEBRUARY 23, 1995 TO MARCH 31, 1995
Motions were decided on February 23. A bench warrant was stayed until March 31, 1995 and the case was adjourned for hearings and trial. This period is excludable. (CPL 30.30 [4] [a]; People v Espinosa, 170 AD2d 309 [1st Dept 1991].)
MARCH 31, 1995 TO APRIL 13, 1995
A warrant again was stayed and the case adjourned for trial. This period is excludable. (People v Espinosa, supra.)
APRIL 13, 1995 TO MAY 10, 1995
On April 13, the People were not ready to proceed to trial and the case was adjourned to May 10. On April 17, the People mailed a statement of readiness to defense counsel and the court clerk. However, this court follows the reasoning in People v Gonzales (NYLJ, June 16, 1995, at 33, col 5 [Crim Ct, Bronx County]), and will not recognize an pif-calendar statement of readiness in a postreadiness situation. Therefore, the entire period from April 13 to May 10 is chargeable to the People, as there is no claim by the People that on April 13 they requested an adjournment of any specific duration. (See, People v Reid, 214 AD2d 396.)
Therefore, the People are chargeable with 112 days and defendant’s motion to dismiss the accusatory instrument on speedy trial grounds is granted.