■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ROSARIO, Appellant. [631 NYS2d 662] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered January 2, 1991, convicting defendant, after a jury trial, of attempted criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4 to 8 years and 3 to 6 years, respectively, unanimously affirmed.

Defendant's claim that the People failed to elicit sufficient

evidence to establish that he knowingly attempted to purchase one-half ounce or more of a substance containing a narcotic drug at the time of his arrest (*People v Ryan*, 82 NY2d 497) was not preserved for appellate review as a matter of law by defendant's general motion for a trial order of dismissal (*People v Gray*, 86 NY2d 10), and we decline to review the issue in the interest of justice. The money defendant was using to buy narcotics was properly admitted to corroborate the officers' testimony of having observed an exchange of money for drugs (*People v Perez*, 185 AD2d 147, *lv denied* 80 NY2d 976) and to prove that defendant came " 'dangerously close' " to completing the purchase (*see, People v Mahboubian*, 74 NY2d 174, 191). Finally, the minor inconsistencies in the testimony of the two officers pointed out by defendant provides no basis for disturbing the jury's credibility determinations (*see, People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Kennedy*, 47 NY2d 196, 205). Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.