■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE JENKINS, Appellant. [640 NYS2d 68] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered July 19, 1994, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Defendant's contention that the arresting officer's testimony, that the undercover officer radioed him to inform him that he had made a "positive buy", failed to establish a sufficient predicate for probable cause to arrest defendant, is unpreserved, and, in any event, without merit, the Court of Appeals having rejected the identical argument in People v Maldonado (86 NY2d 631, 636; see also, People v Washington, 87 NY2d 945).

The court properly refused defendant's request for a missing witness charge without soliciting any response from the People since defendant failed to demonstrate that the proposed witness, the purchaser in one of the two drug sales of which defendant was convicted, would have naturally been expected to testify favorably to the People (see, People v Macana, 84 NY2d 173, 177). Defendant merely speculated, as he does on appeal, that the purchaser would have testified favorably to the People because she received a "lenient" disposition of her own case. However, it is not unusual to extend such "leniency" to a mere purchaser of a small quantity of drugs for personal use. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.