■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY RODRIGUEZ, Appellant. [643 NYS2d 115]

The arresting officer's observation of defendant, the only individual at the reported location who fit the reasonably detailed description of the drug seller radioed by the observing officer, within minutes of the drug transaction, provided probable cause for defendant's arrest (*see, People v Rodriguez*, 199 AD2d 181).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Indeed, the evidence against defendant was overwhelming.

The court properly denied defendant's request for a circumstantial evidence charge because the evidence of defendant's sale of drugs was direct (*see, People v Holmes*, 204 AD2d 243, *lv denied* 84 NY2d 868).

The $40 in unmarked bills recovered from defendant was properly admitted into evidence as relevant to police testimony that there was an exchange of cash for drugs and that the two glassine envelopes of cocaine recovered from the buyer had a street value of $40 (*see, People v Perez*, 185 AD2d 147, *lv denied* 80 NY2d 976).

When considered in the context of defense counsel's opening remarks and the trial court's instructions to the jury in both its preliminary and final charges, that the People bore the sole burden of proving defendant's guilt beyond a reasonable doubt, the trial court's isolated direction to counsel to limit his opening remarks to "what you intend to prove" was not prejudicial (*see, People v Martinez*, 207 AD2d 284, *lv denied* 84 NY2d 908).

We have considered defendant's additional claims of error and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.