■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS PRESTON, Appellant. [653 NYS2d 104] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered June 7, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Probable cause existed when the undercover officer transmitted to the backup team that he had made a "positive buy" (*People v Jenkins*, 226 AD2d 116, *lv denied* 88 NY2d 937), provided a description of defendant and his three accomplices and their specific location, and within a minute of the transmission they were found "at the specified location wearing the clothes described, and no one else there match[ed] the radioed description" (*People v Colon*, 220 AD2d 224, *lv denied* 87 NY2d 845). The details of the description were properly furnished at the hearing by the testifying member of the backup team. It was not necessary to call the apprehending officer to testify at

the hearing, where it can be inferred that he heard the transmission from the undercover officer, since he was seated in the same car that the testifying officer had heard the broadcast and he immediately apprehended defendant upon arriving at the location specified in the broadcast (*see, People v Mims*, 88 NY2d 99, 114).

Defendant's claim that the court should have severed his case from that of co-defendant Figueroa, who interposed an agency defense, is unpreserved for review (*People v Watson*, 173 AD2d 414, *lv denied* 78 NY2d 976; *People v Buckley*, 75 NY2d 843, 846), and we decline to review it in the interest of justice. Were we to review, we would find that the core of the defenses was not in conflict and there was no significant danger that the jury would be led to convict defendant on the basis of Figueroa's defense (*People v Nesbitt*, 198 AD2d 33, *lv denied* 82 NY2d 900).

The trial court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30, which was based on another co-defendant's unsworn letter that defendant had not been involved in the sale. Since the co-defendant had pleaded guilty and implicated defendant during her allocution, it is highly unlikely that her testimony would have produced a different result (*People v Rodriguez*, 193 AD2d 363, *lv denied* 81 NY2d 1079).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.