THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIAR BADILLO, Appellant. [672 NYS2d 766] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered July 24, 1996, convicting him of criminal sale of a controlled substance in the third degree, assault in the second degree, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kohm, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The People established that the police had probable cause to arrest the defendant based on the testimony of a backup officer involved in a so-called "buy and bust" operation regarding the contents of radio transmissions he received from an undercover officer (*see, People v Washington,* 87 NY2d 945; *People v Maldonado,* 86 NY2d 631; *People v Williams,* 205 AD2d 567). The undercover officer radioed that he had made a "positive buy", which the backup officer understood to mean the purchase of a controlled substance. The undercover officer transmitted a description of the seller's clothing and stated that the seller was

heading towards Wyckoff Avenue on a black and orange bicycle. The defendant, who fit that description, was arrested on Wyckoff Avenue and was identified a few minutes later by the undercover officer as the person who sold him the drugs.

The defendant contends that his arrest was improper because the sergeant who initially detained him did not testify at the hearing and there was no evidence that he had knowledge of the contents of the radio transmissions received by the backup officer. This contention is without merit as the sergeant and the backup officer who received the radio transmissions were working together, they drove to the arrest location in the same vehicle, and they arrested the defendant together (*see, People v Mims,* 88 NY2d 99, 113-114; *People v Preston,* 235 AD2d 256). As the People established probable cause for the defendant's arrest, his motion to suppress physical evidence was properly denied. Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.