■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIS ALVARADO, Appellant. [683 NYS2d 501] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered April 9, 1996, convicting defendant, after a nonjury trial, of three counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to four concurrent terms of 4¹/₂ to 9 years and two concurrent terms of 1 year, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the court's credibility determinations.

The money recovered from defendant upon his arrest was properly admitted into evidence since he and his codefendant were charged with acting in concert to possess cocaine with intent to sell (*People v Santiago*, 242 AD2d 462, *lv denied* 91 NY2d 897; *People v Brooks*, 234 AD2d 149, *lv denied* 89 NY2d 1009). The money was also admissible to corroborate the officer's testimony that defendant received money from the buyers during the drug transactions (*People v Perez*, 185 AD2d 147, *lv denied* 80 NY2d 976; *People v Sanchez*, 181 AD2d 499, *lv denied* 79 NY2d 1054).

Defendant's ineffective assistance of counsel claim would require a CPL 440.10 motion, since this claim is based on facts *dehors* the record and counsel has had no opportunity to explain his strategy (*People v Love*, 57 NY2d 998). Based on the existing record, defendant received meaningful representation (*People v Baldi*, 54 NY2d 137).

We have reviewed and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.