■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIRO SORBO, Appellant. [689 NYS2d 18] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered September 30, 1996, convicting defendant, after a jury trial, of five counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to five concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's request for a circumstantial evidence charge because defendant's guilt was established, in part, through direct evidence, including eyewitness observation of defendant's conduct (*see, People v Roldan,* 88 NY2d 826, 827; *People v Daddona,* 81 NY2d 990). In any event, were we to find the court's refusal to deliver a circumstantial evidence charge to be error, we would find such error to be harmless in view of the overwhelming evidence of defendant's guilt.

Defendant failed to preserve his claim that the court should have inquired into a juror's comment made at the time of rendition of the verdict, and we decline to review it in the interest of justice. Were we to review this claim, we would find nothing to suggest that the verdict was not unanimous, since the juror in question answered affirmatively when asked, during the jury poll, if the verdict reached by the jury was hers. We further find that counsel's failure to request an inquiry did not deprive defendant of effective assistance of counsel (*see, People v Hobot*, 84 NY2d 1021, 1024). Concur—Sullivan, J. P., Lerner, Andrias and Saxe, JJ.