■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAM YOUNG, Respondent. [717 NYS2d 122] —Orders, Supreme Court, New York County (Donna Mills, J.), entered May 12, 1999 and June 23, 1999, which granted defendant's motion to suppress identification testimony, unanimously reversed, on the law and the facts, suppression denied, and the matter remanded for further proceedings.

Under the "fellow officer rule," an arresting officer can make a lawful arrest and is deemed to have acted with probable cause as long as that officer relied upon information provided by a fellow officer who possessed information sufficient to constitute probable cause (*People v Ketcham*, 93 NY2d 416, 419; *People v Maldonado*, 86 NY2d 631). In this case, the radio transmission from the undercover officer to the arresting officer

provided details of defendant's race, sex and clothing, as well as his location and the fact that a "positive buy" had occurred. The arresting officer subsequently saw defendant, the only person matching the description at the specified location, and arrested him prior to the confirmatory identification. We conclude, therefore, that the arresting officer possessed the requisite probable cause (*see, People v Preston*, 235 AD2d 256, *lv denied* 89 NY2d 1098; *People v Ward*, 182 AD2d 573, *lv denied* 81 NY2d 849).

With regard to the confirmatory identification, it is clear from the arresting officer's testimony that the undercover did drive by and identify defendant and defendant has failed to establish any impropriety regarding such identification (*see, People v Acevedo*, 179 AD2d 465, *lv denied* 79 NY2d 996).

We have considered and rejected defendant's remaining arguments. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.