■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MARTINEZ, Appellant. [735 NYS2d 502] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered October 11, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4\frac{1}{2}$ to 9 years, unanimously affirmed.

Defendant's suppression motion was properly denied. In this observation sale case, probable cause was established by the arresting officer's testimony that he acted in response to information received from the observing officer, who radioed that he had seen a drug transaction and provided defendant's location and a detailed, specific description (*see, People v Ketcham*, 93 NY2d 416; *People v Washington*, 87 NY2d 945; *People v Young*, 277 AD2d 176, *lv dismissed* 96 NY2d 789).

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

The court properly admitted into evidence the money recovered from defendant at the time of his arrest. Defendant sold 40 glassines of heroin, having a market value of $400, to an apprehended buyer. The money recovered from defendant, which included four $100 bills, thus tended to corroborate the observing officer's testimony that defendant received several

bills from the buyer in exchange for the drugs (*see, People v Alvarado*, 256 AD2d 219, *lv denied* 93 NY2d 870; *People v Rodriguez*, 228 AD2d 234, 235, *lv denied* 88 NY2d 993).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks were generally fair comment on the evidence in response to the defense summation and did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

On the present record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Counsel's failure to timely request that the court investigate the momentary and inconsequential hesitancy by a juror to respond to the jury poll following the verdict did not deprive defendant of effective assistance of counsel (*see, People v Sorbo*, 259 AD2d 359, 360, *lv denied* 93 NY2d 1027).

Since defendant received the minimum sentence authorized by law, discretionary review of his sentence is foreclosed (CPL 470.20 [6]). Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.