■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WILLIAMS, Appellant. [760 NYS2d 9] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 30, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to

concurrent terms of 4½ to 9 years, unanimously modified, on the law and the facts, to the extent of vacating the conviction of criminal sale of a controlled substance in or near school grounds and dismissing that count of the indictment, and otherwise affirmed.

Defendant was not deprived of a fair trial by evidence that the codefendant was found in possession of $114 in addition to prerecorded buy money (*see People v Perez*, 185 AD2d 147 [1992], *lv denied* 80 NY2d 976 [1992]). Were we to find error in the introduction of this evidence, we would find it to be harmless and find that there is no basis to set aside the verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

The conviction of criminal sale of a controlled substance in or near school grounds, however, was based on legally insufficient evidence and was against the weight of the evidence. There was no evidence from which the jury could have reasonably concluded that the distance between the sale and between the nearest school was within 1,000 feet, by any method of measurement (*see* Penal Law § 220.00 [14]).

Our vacatur of the sale in or near school grounds conviction renders defendant's remaining contentions academic. Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach and Lerner, JJ.