■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER GARCIA, Appellant. [764 NYS2d 696] —Judgment, Supreme

Court, New York County (Rosalyn Richter, J.), rendered February 28, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion in admitting background testimony about street-level drug operations in order to explain the fact that no drugs or prerecorded buy money were recovered from defendant or the codefendant (*see People v Brown*, 97 NY2d 500, 505-507 [2002]). Evidence that the two defendants entered and left a store between the drug transaction and the arrest was a sufficient factual predicate for the officer's brief testimony about methods used by drug dealers to distance themselves from money and drugs. There was nothing speculative about the officer's testimony, or about the reasonable inferences that the prosecutor urged the jury to draw from the evidence, and the jury was free to accept or reject these inferences. Defendant's remaining arguments relating to the background testimony are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

The challenged portions of the People's summation generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that any portions of the summation could be viewed as improper, we conclude that the court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

The court responded meaningfully to the deliberating jury's request for a readback of testimony, and was not required to go beyond the jury's request by reading back an instruction on the law (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]). The testimony in question had been properly admitted, and the court's refusal to read back a minor limiting instruction could not have caused any prejudice.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Andrias, Saxe and Williams, JJ.