THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CONNER, Appellant. [794 NYS2d 128]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 25, 2002, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from a sale of a controlled substance to an undercover police officer in Newburgh, on March 6, 2002. At trial, the People presented testimony of the police officers and the confidential informant who had participated in the "buy and bust" operation leading to the arrest.

Viewing the evidence in the light most favorable to the prosecutor (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

Contrary to the defendant's contention, there was probable cause for the arrest (see People v Badillo, 250 AD2d 696 [1998]). Further, we reject the defendant's argument that the identification procedure to which he was subjected was unlawfully suggestive. The identification of the defendant was done pursuant to a standard and planned procedure in a "buy and bust" narcotics operation by an experienced and trained undercover police officer who purchased the narcotics approximately 12 minutes beforehand (see People v Wharton, 74 NY2d 921, 923 [1989]; People v Gonzalez, 174 AD2d 690 [1991]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.