THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY LAFONTAINE, Appellant. [803 NYS2d 7]—

Judgment, Supreme Court, New York County (Dora L. Irizarry, J., at jury trial and sentence; Bernard Fried, J., at resentence), rendered April 26, 2002, as amended January 14, 2004, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

In this observation sale case, the court properly exercised its discretion in admitting evidence of contemporaneous, uncharged drug sales in which the buyers were not apprehended. This evidence completed the narrative, tended to explain the lengthy period of time during which the police had defendant under observation, and was relevant to the observing officer's ability to make a reliable identification (*see People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]; *see also People v Gines*, 36 NY2d 932 [1975]).

The court properly exercised its discretion in permitting the observing officer to give background testimony regarding observation sales in general, and about the roles of various participants in drug transactions (*see People v Rojas*, 15 AD3d 211 [2005], *lv denied* 4 NY3d 856 [2005]). This evidence was helpful to the jury's understanding of the facts, and was not speculative.

Evidence that an unspecified quantity of money was recovered from defendant was relevant to establish that he had engaged in a drug sale a short time before his arrest (*see People v Martinez*, 289 AD2d 125 [2001], *lv denied* 98 NY2d 653 [2002]), and was not unduly prejudicial.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Andrias, Ellerin, Gonzalez and McGuire, JJ.