■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE REYES, Appellant. [814 NYS2d 159]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered May 28, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment. During the grand jury presentation of this observation sale case, the prosecutor properly introduced evidence of an uncharged exchange between defendant and an unapprehended buyer which occurred several minutes before and at the same location as the defendant's drug sale with an apprehended buyer. The uncharged exchange was admissible since it completed the narrative and was relevant to the observing officer's ability to make a reliable identification (*see e.g. People v LaFontaine,* 22 AD3d 235 [2005], *lv denied* 5 NY3d 883 [2005]). Even assuming that the prosecutor should have given a limiting instruction about the permitted purposes of this evidence, the defect fell far short of impairing the integrity of the grand jury proceeding (*see* CPL 210.35 [5]; *People v Darby,* 75 NY2d 449, 455 [1990]).

The court properly exercised its discretion in denying defendant's mistrial motion based on a single isolated comment

made by the prosecutor during summation. The comment was not particularly prejudicial, and by sustaining defendant's objection the court took sufficient curative action (*see People v Santiago*, 52 NY2d 865 [1981]). Concur—Buckley, P.J., Saxe, Nardelli, Gonzalez and Catterson, JJ.