■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE GORIS, Appellant. [830 NYS2d 62]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered August 18, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

In this observation sale case, the court properly exercised its discretion in receiving evidence that at the time of his arrest defendant possessed approximately $95, including four 20-dollar bills. This evidence was relevant to establish that defendant had just sold drugs, and there was nothing prejudicial about this relatively innocuous amount of money (*see e.g. People v Martinez*, 289 AD2d 125 [2001], *lv denied* 98 NY2d 653 [2002]; *People v Bowden*, 1 AD3d 271 [2003], *lv denied* 1 NY3d 595 [2004]; *People v Perez*, 185 AD2d 147 [1992], *lv denied* 80 NY2d 976 [1992]). Additionally, testimony that the police recovered 20-

dollar bills was relevant since the officer testified that the tinfoil of cocaine recovered from the buyer had a street value of $20 (*see People v Rodriguez*, 228 AD2d 234 [1996], *lv denied* 88 NY2d 993 [1996]; *People v Bailey*, 193 AD2d 689 [1993], *lv denied* 81 NY2d 1069 [1993]).

The court also properly exercised its discretion in receiving brief expert testimony to explain why the police did not recover any drugs from defendant's person, or after a search of the area, although they had just observed him selling drugs (*see People v Brown*, 97 NY2d 500, 505-507 [2002]). The testimony was particularly relevant since defendant argued that the failure to recover a drug stash undercut evidence of his guilt (*id.* at 505). The officer's testimony indicated that defendant kept the drugs in a location other than on his person, and provided a factual predicate for expert testimony regarding his possible use of a hiding place (*see People v Flye*, 4 AD3d 251 [2004], *lv denied* 3 NY3d 658 [2004]; *People v Garcia*, 309 AD2d 514 [2003], *lv denied* 1 NY3d 572 [2003]). The fact that the police did not discover such a hiding place did not render the expert testimony irrelevant; on the contrary, it rendered such testimony highly probative to explain how drugs could be hidden cleverly enough to foil a careful search. Furthermore, this information was not within the knowledge of a typical juror.

The court likewise properly exercised its discretion in receiving testimony that the neighborhood was a drug-prone location. This background testimony was relevant to explain the officer's actions, including his unusual choice of an observation post, and to dispel any unfair jury speculation as to why the neighborhood was targeted (*see People v Williams*, 13 AD3d 131 [2004], *lv denied* 4 NY3d 837 [2005]; *People v Johnson*, 309 AD2d 565 [2003], *lv denied* 1 NY3d 574 [2003]).

Those portions of the prosecutor's summation to which defendant objected as vouching for witnesses, or speculating and suggesting uncharged sales, were permissible arguments that drew reasonable inferences from the evidence and were responsive to defense claims. Defendant's remaining challenges to the prosecutor's summation, including those made in connection with the evidentiary issues raised on this appeal, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that any comments could be viewed as shifting the burden of proof or otherwise improper, the court's strong curative instructions,

after which defendant sought no further remedy, were sufficient to prevent any prejudice.

Defendant's Confrontation Clause claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find any error to be harmless. Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.