■ The People of the State of New York, Respondent, v Doreen Ballard, Appellant. [869 NYS2d 413]—

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determi-

nations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). In this observation sale case, defendant concedes that there was reasonable suspicion warranting her detention, but argues that the police use of handcuffs elevated the encounter to an arrest, and that probable cause to arrest did not develop until the observing officer made a confirmatory identification. However, the hearing evidence, viewed as a whole, supports the conclusion that defendant was not handcuffed until after the confirmatory identification, notwithstanding some evidence to the contrary. In any event, the record also supports the hearing court's alternate finding that there was probable cause even before the identification (*see e.g. People v Martinez*, 289 AD2d 125 [2001], *lv denied* 98 NY2d 653 [2002]; *People v Genyard*, 276 AD2d 299 [2000], *lv denied* 95 NY2d 963 [2000]).

Shortly after the arrest, an experienced narcotics officer observed a clear plastic bag containing what he immediately recognized to be cocaine on the console of defendant's van. Accordingly, seizure of the drugs was justified by application of the plain view doctrine (*see People v Batista*, 261 AD2d 218 [1999], *lv denied* 94 NY2d 819 [1999]). Defendant's argument that the hearing court employed the wrong standard with regard to the plain view issue is unpreserved and without merit.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Gonzalez, Nardelli, Moskowitz and Renwick, JJ.