People v Francisco G. (2025 NY Slip Op 51445(U))

[*1]

People v Francisco G.

2025 NY Slip Op 51445(U)

Decided on September 12, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 12, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Francisco G., Defendant.

CR-027634-22NY

Alvin L. Bragg, Jr., District Attorney, New York County (Joshua Larmon of counsel), for plaintiff. 
Twyla Carter, The Legal Aid Society, New York City (John Geida of counsel), for defendant.

Ilona B. Coleman, J.

The defendant moves to dismiss pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e). The parties agree that 89 days are chargeable to the People but disagree about two additional periods: first, seven days while a bench warrant was stayed, and second, the 18-day adjournment after the defendant returned to court. Because the latter period is chargeable, the defendant's motion to dismiss is granted.
I. Relevant Facts
The defendant was arraigned in this case on October 24, 2022. The top charge is VTL § 1192 (3), an unclassified misdemeanor with a maximum sentence of imprisonment of 364 days. At his arraignment, the defendant was released on his own recognizance, and the case was adjourned to December 6, 2022 for conversion.
On December 6, 2022, the People filed and served a supporting deposition, and the complaint was deemed an information. The case was then adjourned for trial to January 12, 2023, 80 days after the defendant's arraignment.
On January 12, 2023, the People were not ready for trial, but the defendant was not present in court. A bench warrant was stayed, and the case was adjourned to the next day, January 13, 2023, for the defendant to appear.
On January 13, 2023, the defendant again was not present. A bench warrant was stayed again, and the case was adjourned for the defendant to appear to January 19, 2023, 87 days after the defendant's arraignment.
On January 19, 2023, the defendant appeared with his attorney, as indicated in the official court transcript. Defense counsel noted that the People were not ready for trial. The [*2]court's response is unclear from the record.[FN1]
The People did not place any information about their readiness for trial on the record, nor did they argue that the defendant's one-week absence from court had impeded their efforts to prepare for trial. The court then adjourned the case to February 7, 2023, for trial.
On February 7, 2023 — 106 days after the defendant's arraignment — the People were not ready for trial. The presiding judge inquired about the 30.30 count, and defense counsel answered that "[w]e are told 80 by my counsel." It is not clear to whom she was referring. The presiding judge responded, "That is what I have as well," meaning he also counted from the court file that 80 days were chargeable to the People. The case was then adjourned to March 3, 2023 for trial. 
On February 16, 2023 the People filed a certificate of compliance and certificate of readiness (COR). On July 30, 2025,[FN2]
the defendant filed the instant motion to dismiss, and the court set a motion schedule.
II. CPL § 30.30
In this case, in which the defendant is charged with an unclassified misdemeanor with a maximum sentence of 364 days and no felonies, the People must be ready for trial within 90 days of the commencement of the criminal action (CPL 30.30 [1] [b]). The parties agree that 80 days are chargeable between the defendant's arraignment on October 24, 2022 and January 12, 2023. They also agree that nine days are chargeable between February 7, 2023 and February 16, 2023, when the People filed their COR. The only periods of contention are (1) the seven days from January 12, 2023 to January 19, 2023, during which a bench warrant was stayed; and (2) the 18 days from January 19, 2023 to February 7, 2023, the adjournment after the defendant reappeared in court. 
The period during which the defendant was not present in court and a bench warrant was stayed is excludable (People v Benjamin, 292 AD2d 191, 192 [1st Dept 2002]; People v Medina, 198 AD2d 146, 146 [1st Dept 1993]); People v Espinosa, 170 AD2d 309, 309-310 [1st Dept 1991]). It is well established that time is excludable when "[the] defendant fail[s] to appear and a bench warrant [i]s . . . stayed against him" (Benjamin, 292 AD2d at 191). The defendant argues, however, that CPL § 30.30 (4) (c) (ii) — which excludes time only where the court has "issue[d] a bench warrant" (emphasis added) — does not apply where a defendant fails to appear but a bench warrant cannot be issued under CPL § 510.50 (2).[FN3]
There is some merit to this argument. Before CPL § 510.50 (2) went into effect, "staying a warrant" was shorthand for "issu[ing] and stay[ing]" the warrant (see Benjamin, 292 AD2d at 191 [characterizing a warrant [*3]as "issued and stayed"]). This court, however, could not have "issued" a bench warrant on January 12 and 13, 2023 (CPL 510.50 [2]), so it would not be accurate to describe the stayed warrants in this case as "issued and stayed" (Benjamin, 292 AD2d at 191). The literal terms of CPL § 30.30 (4) (c) (ii), then, do not seem to apply.
The problem with the defendant's argument is that this line of cases does not rest exclusively on CPL § 30.30 (4) (c) (ii), which did not exist in its current form until 1996 (see Espinosa, 170 AD2d at 309-310; People v Rowe, 227 AD2d 212, 214 [1st Dept 1996]). Rather, courts have emphasized that such adjournments are usually at defense counsel's request and "occur[] under circumstances most advantageous to defendant" (Espinosa, 170 AD2d at 309 [citing People v Worley, 66 NY2d 523] [1985]). Thus, regardless of whether subparagraph (4) (c) (ii) applies, the period from January 12, 2023 through January 19, 2023 is excludable because the defendant was absent and a bench warrant was stayed for his benefit (CPL 30.30 [4] [c] [i]; see also CPL 30.30 [4] [b]). Because the adjournment "accru[ed] to [the] defendant's benefit" (Medina, 198 AD2d at 146), the People need not "causally trace their lack of readiness" to the defendant's absence or demonstrate diligence efforts to locate the defendant before this court will apply the exclusion (see Worley, 66 NY2d at 527).
The subsequent adjournment from January 19, 2023 to February 7, 2023, however, is chargeable to the People. On January 19, 2023, the defendant and his attorney both appeared in court, and the People did not announce their readiness for trial, nor had they done so previously. The People are charged with all prereadiness delay unless they "satisfy their burden of proving their entitlement to an exclusion" (People v Cortes, 80 NY2d 201, 213 [1992]). The People have not done so. The People do not cite any exclusion from CPL § 30.30 (4) but instead rely on People v Muhanimac, which held that the People "must be given a reasonable time to call their witnesses and arrange for the recommencement of the case after a defendant is involuntarily returned" on a bench warrant (181 AD2d 464, 465-466 [1st Dept 1992]). On the facts of this case, however, Muhanimac does not apply. There was no need for the People to "recommence[] . . . the case" (id.), because it would have been unreasonable for the People to stop preparing the case for trial. The defendant was absent from court for only a week and no bench warrant had been issued. There was no firm break in the case that would have justified, for example, halting efforts to gather discovery.
When a bench warrant has been stayed but not issued, the logic of Muhanimac applies in the prereadiness context only if the People can demonstrate that the defendant's absence hindered the People's ability to become ready for trial even after the defendant's return (see CPL 30.30 [4] [c] [i] [excluding delay "resulting from" the defendant's absence]; Cortes, 80 NY2d at 213 [the People must prove their entitlement to prereadiness exclusions]). Here, the People have not alleged that the defendant's brief absence delayed their ability to file an initial COR beyond January 19, 2023. Rather, the record suggests that the People were not ready for trial because they had not yet filed a COC, which does not depend on the defendant's presence. The fact that the People's witnesses were not physically present in the building is irrelevant to their ability to announce their readiness for trial (People v Dushain, 247 AD2d 234, 236 [1st Dept 1998] ["neither statute nor case law requires that the People have the ability to produce their witnesses instantaneously in order for a statement of readiness to be valid"]). 
The People's reliance on a prior judge's notation on the court action sheet is also [*4]misplaced.[FN4]
"Calendar notations are not binding" in 30.30 litigation (People v Klaus, 104 AD2d 566, 569 [1984]). Here, the prior judge wrote "[t]ime excluded" on the action sheet for January 19, 2023, but the transcript of the appearance shows that he did not inform the parties that he would make a legal determination, did not give the parties an opportunity to be heard on the issue, and did not announce a ruling on the record. The parties thus did not have a "full and fair opportunity to litigate" the determination, and the ruling is therefore not binding on this court (People v Evans, 94 NY2d 499, 502 [2000] [internal quotation marks omitted]).
To the extent the prior court ruled that the adjournment from January 19 to February 7 was excludable because the case was not on for trial,[FN5]
this court disagrees. It is true that no one would have expected the People to start a trial on January 19, but in the prereadiness context, that fact does not determine whether time is chargeable. For example, a case is not on for trial at a defendant's arraignment — and there is essentially no chance a trial could commence — yet the first adjournment out of arraignments is almost always charged to the People. Similarly, many prereadiness court dates are on for conversion, not trial, yet the following adjournment is chargeable if the People do not announce their readiness. This is simply how CPL § 30.30 works: the People must announce their readiness for trial within a set time limit, irrespective of whether there is any chance a trial could actually begin. Whatever a case is on for, prereadiness time is chargeable unless the People demonstrate that a CPL § 30.30 (4) exclusion applies (Cortes, 80 NY2d at 213). Here, the People have not done that.
Finally, the People's estoppel argument — that the People relied in good faith on defense counsel's alleged concession that the January 19, 2023 adjournment was excludable — is not supported by the record.[FN6]
As of January 19, 2023, 80 days were chargeable to the People by their own admission. That day, defense counsel pointedly observed on the record that the People were not ready for trial, and the court made no on-the-record ruling that the following adjournment would be excludable. The case was then adjourned 18 days to February 7, 2023 — which, if chargeable, would give the People a total of 98 chargeable days. As of February 7, then, the damage to the People's case was already done. They had already delayed announcing their readiness for more than 90 days, not because of good-faith reliance but because of their own flawed 30.30 analysis.[FN7]
Regardless, defense counsel's statement on February 7, 2023 — [*5]"We are told 80 by my counsel" — did not explicitly adopt the position and instead attributed it to an unnamed third party (cf. People v Liotta, 79 NY2d 841, 843 [1992] ["consent to an adjournment must be clearly expressed . . . to relieve the People of the responsibility for that portion of the delay"]).
In addition to the 89 days they concede, the People are also charged with the 18-day period from January 19, 2023 to February 7, 2023. The People are charged with a total of 108 days, which exceeds their 90-day limit in this case (CPL 30.30 [1] [b]). The defendant's motion to dismiss is therefore granted.
This constitutes the decision and order of this court.
Dated: September 12, 2025
New York, NY
Ilona B. Coleman, J.C.C.

Footnotes

Footnote 1:According to the official court transcript, the court said that "[the] People have to be ready today." The court action sheet from that appearance, however, says that "BW = P do not have to be [ready]." Either way, the record is clear that the presiding judge did not make a formal legal determination that is binding for the purposes of this motion.

Footnote 2:The defendant does not allege any chargeable time past February 16, 2023, and thus the intervening years in the case's long procedural history need not be recounted.

Footnote 3:This statute, enacted in 2020, requires that courts provide defendants with at least 48 hours' notice before issuing a bench warrant (CPL 510.50 [2]).

Footnote 4:See n 1, supra.

Footnote 5:Despite the People's assertions, it is not clear that the prior court made such a ruling. The official court transcript conflicts with the calendar notation, and the notation does not specify what time is to be excluded.

Footnote 6:The People have not provided any legal citation in support of this argument, but because the argument's factual basis is flawed, this court need not address whether it is legally plausible.

Footnote 7:This argument implies that the People could have announced their readiness earlier — which also means they could have provided discovery earlier — but they decided not to because they believed they would suffer no negative consequences. In other words, the People admit that they ignored the mandate of CPL § 245.10, which requires discovery "as soon as practicable," not "before the speedy trial clock runs out." This court doubts whether estoppel would be appropriate under such circumstances, even if the People's reliance claim were on firmer factual ground.