■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN PATTERSON, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J., at CPL 30.30 motion, jury trial and sentence), rendered November 15, 1988, convicting defendant of burglary in the second degree and sentencing him, as a predicate violent felon, to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

On June 21, 1987, at the Sheraton City Squire Hotel in Manhattan, defendant ransacked a hotel room and stole an alarm clock. Defendant was apprehended soon thereafter and was found in possession of the clock. According to defendant, who was dressed as a security guard although no longer employed in that capacity, he had entered the hotel merely to find food and lodging, and was innocent of burglary.

The central issue on appeal is the motion court's denial of

defendant's motion to dismiss the indictment on speedy trial grounds. Defendant contends that the People failed to meet their burden of proving that the 196-day period from June 17, 1987 through December 30, 1987, during which defendant was incarcerated in New Jersey, was excludable from the time chargeable to the People. The record reveals that when Officer Scanlon, an officer in the Central Warrant Inquiry Office, received an inquiry from the New Jersey police on June 17, 1987, he checked the computer and verified, as was normal procedure, that defendant had no outstanding warrant as of the date of the inquiry. Although the officer knew that defendant had a scheduled court appearance the following day, we do not think it reasonable to hold that receipt of this phone call constituted notice that defendant was incarcerated in New Jersey.

In addition, as the IAS court found, adjournments from June 18, 1987 to August 18, 1987 were excludable since bench warrants were stayed at the request of defense counsel. (See, CPL 30.30 [4] [c].) Moreover, the People's attempts to locate defendant from August 18, 1987 through December 30, 1987 were, as the IAS court found, amply diligent. (See, CPL 30.30 [4] [e].)

Defendant also raises several claims of error regarding a job application which was admitted into evidence, and certain comments during the prosecutor's summation. These claims have not been preserved for appellate review and we thus decline to reach them. (CPL 470.05 [2].) However, were we to address these claims in the interest of justice, we would, nonetheless, find them to be of no merit. The job application was properly admitted as a prior inconsistent sworn statement. Moreover, the prosecutor properly commented upon the application during summation. Finally, under the circumstances the prosecutor's summation was fair. (See, People v Marks, 6 NY2d 67, cert denied 362 US 912.)

We have considered defendant's remaining claims and find them to be without merit. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.