■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BUONG SAI, Respondent. [637 NYS2d 56] —Order of the Supreme Court, New York County (Rena Uviller, J.), entered on or about October 20, 1994, which dismissed the indictment on speedy trial grounds, unanimously reversed, on the law, and the indictment reinstated. This matter is remanded to Supreme Court for further proceedings in accordance with CPL 470.45.

On February 17, 1994, defendant was arraigned on a felony complaint in connection with a robbery and assault that took place the previous day. On October 3, 1994, he moved to dismiss the indictment against him on the ground that his right to a speedy trial had been violated as the prosecution had failed to declare its readiness for trial within six months of the filing of the criminal complaint (CPL 30.30 [1] [a]). Defendant conceded that the period from April 6 to May 19 was excludable on account of motion practice, but maintained that a period exceeding six months is chargeable to the People. On the motion, the People maintained that, at most, only 142 days of the delay is attributable to them. Supreme Court charged 192 days to the prosecution and dismissed the indictment, adhering to this determination upon reargument. The People appeal.

Defendant was arraigned on the indictment on March 16, 1994. It is well settled that the time between the filing of the complaint and arraignment upon the indictment, in this case 27 days, is chargeable to the People and this period is not contested upon appeal.

The case was next scheduled to be heard on April 14. From the colloquy of March 16, it is clear that the matter was adjourned on defense counsel's request to prepare motions for submission. The court, upon assigning the case to a Part, stated, "April 7 for motions," to which defense counsel responded, "Could you give me one more week on this, Judge?", to which the court responded "April 14th." According to the court's remarks contained in the transcript for May 5, motions were submitted on April 20, and decisions on those motions were announced from the bench on May 26. Therefore, the period from March 16 to May 26, a total of 71 days, is excludable as time consumed by motion practice (CPL 30.30 [4] [a]; *People v Bissereth*, 194 AD2d 317, *lv denied* 82 NY2d 714, 804; *People v Toro*, 151 AD2d 142, *lv dismissed* 75 NY2d 818 [time to decide motion to dismiss is a period consumed by motion practice de-

spite granting of motion]). It should be noted that time requested by the defense to submit motions is excludable, even if no motion is ultimately submitted (*People v Ali*, 209 AD2d 227, *lv denied* 85 NY2d 905; *People v Garrett*, 182 AD2d 496; *People v Wood*, 115 AD2d 834).

On May 26, the court adjourned the case for trial. The prosecutor requested June 7, and defense counsel requested July 13. The prosecution's trial assistant, however, was not available until July 19, and the court thereupon adjourned the matter to that date. Although the People contest the inclusion of this period in the time charged, it is settled that adjournments granted either at the People's request or by the court are chargeable to the prosecution. "Because the actual dates were set either by the court or the prosecution, no justification exists for excluding the additional adjournment time required to accommodate defense counsel's schedule" (*People v Smith*, 82 NY2d 676, 678). Therefore, the 54 days from May 26 to July 19 are chargeable to the People.

The People concede that the 76 days from July 19 to October 3 are includable in the calculation of the statutory six-month time limit (181 days). Combining the 27 days from arraignment to indictment with the 130 days following the May 26 decision of defendant's motions, a total of 157 days is chargeable to the prosecution and, accordingly, defendant's trial was timely. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.