OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The indictment of defendant was dismissed pursuant to CPL 30.30 on the ground that the People were not ready for trial within the statutorily prescribed six-month period, and the Appellate Division affirmed (216 AD2d 168).
 

 Supreme Court concluded that the total period of prereadiness and postreadiness delay chargeable to the People was 216 days. The dispositive issue on appeal is the court’s inclusion of a 49-day postreadiness adjournment from August 7 to September 25, 1992.
 

 
 *1049
 
 On August 7, 1992, Supreme Court dismissed three counts of the indictment, suggesting on the record that the People might choose to re-present those counts, and adjourned the case to September 25, 1992. At that appearance, the prosecutor did not assert the People’s readiness for trial or ask the court for an explanation for the lengthy adjournment. Because the People failed to clarify, on the record, the basis for this adjournment, the period was properly charged to them
 
 (People v Liotta,
 
 79 NY2d 841, 843;
 
 accord, People v Collins,
 
 82 NY2d 177, 182). The People’s specific contention on appeal to this Court, that the statement of readiness filed four days after the August 7 adjournment served to cut off any further responsibility on their part for the remainder of the adjournment period, is unpreserved for this Court’s review (see,
 
 People v Goode,
 
 87 NY2d 1045 [decided today]).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.