■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JONATHAN ROWE, Respondent. [642 NYS2d 276] —Order, Supreme

Court, New York County (Jeffrey Atlas, J.), entered March 21, 1994, which dismissed the indictment on speedy trial grounds, unanimously reversed, on the law, and the indictment reinstated. The matter is remanded to Supreme Court for further proceedings in accordance with CPL 470.45.

On February 2, 1993, the defendant was arraigned on a felony complaint and was ultimately indicted for one count of grand larceny in the fourth degree. On October 25, 1993, the People answered ready for trial, and on the same day the defendant moved to dismiss the indictment on CPL 30.30 grounds. The People filed a written response on October 29, 1993. On November 15, 1993, one Trial Judge denied the motion, finding that only 137 days were chargeable to the People. On March 18, 1994, the defendant renewed his motion before another Judge. No written response was filed by the People, and, after hearing oral arguments on March 21, 1994, the court granted defendant's motion, finding that 184 days were chargeable to the People. The People appeal this determination.

Since the People were required to be ready for trial within 181 days of February 2, 1993, plus any excludable time (CPL 30.30 [1] [a]; [4]; *People v Sinistaj*, 67 NY2d 236, 239 [1986]), and the court below held that 184 days were chargeable to the People, a finding on appeal that any three days were excludable would result in a reversal by this Court. Because the four periods challenged by the People on appeal are all excludable, the order should be reversed.

The period between the defendant's March 1, 1993 arraignment on the indictment and March 23, 1993 is excludable under CPL 30.30 (4) (a) as time consumed by motion practice (*People v Buong Sai*, 223 AD2d 439). Although the court did not have the benefit of the March 1, 1993 minutes at the time of the resolution of defendant's CPL 30.30 motion, our review of the colloquy which took place on that date shows that an adjournment was for the purpose of allowing defense counsel to prepare motions for submission (*cf.*, *People v Collins*, 82 NY2d 177, 181 [1993] [record devoid of any suggestion that the adjournment was made for the purpose of defense motions or even of setting a motion schedule]; *People v Jamison*, 87 NY2d 1048 [same]). The period is excludable regardless of whether or not a defense motion was ultimately filed on March 23, 1993 (*People v Buong Sai, supra*, at 440).

The 21 day period between November 15, 1993 and December 6, 1993 should similarly have been excluded as a reasonable period after the hearing court's decision on the CPL 30.30 motion (*People v Greene*, 223 AD2d 474; *People v Ali*, 195 AD2d 368, *lv denied* 82 NY2d 804; *People v Douglas*, 156 AD2d 173).

The period between December 6, 1993 and December 13, 1993 should also have been excluded, despite the People's concession below that this period was includable. The record indicates that on December 6, 1993, when the case was called, defendant was not present and the People were not ready. A bench warrant was stayed at defense counsel's request. On the next date, defense counsel advised the court that defendant claimed to have fallen asleep while in the courtroom. Since the period was now " 'accruing' " to the defendant's benefit, it was properly excludable (*People v Porch*, 212 AD2d 360, 361, *lv denied* 86 NY2d 845; *People v Medina*, 198 AD2d 146, *lv denied* 83 NY2d 807).

The 10 day period from February 18, 1994 to February 28, 1994 should similarly have been excluded, again despite the People's erroneous concession that this period was includable. On February 18, 1994, defense counsel sent a certificate of actual engagement to the court stating that he would be on trial until March 4, 1994 and requesting an adjournment in this case to March 18, 1994. The People were not ready and asked for an adjournment until February 23, 1994. The court declined to adjourn the case to February 23, 1994, in light of defense counsel's schedule, and it adjourned the matter to March 18, 1994. The People filed a certificate of readiness on February 28, 1994. Because the February 18 adjournment was made to accommodate defense counsel's trial schedule, the People should not have been charged for this time period (*People v Nevitt*, 209 AD2d 341 [1st Dept 1994], *lv denied* 85 NY2d 865 [1995]).

In sum, the defendant was not denied his right to a speedy trial. The court charged the People with 60 additional days. Only 124 days were includable with respect to this defendant. The order on appeal should be reversed and the indictment reinstated. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.