■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CRUZ, Appellant. [654 NYS2d 353] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J., on speedy trial motion; Charles Tejada, J., at suppression hearing; and Rena Uviller, J., at jury trial and sentencing), rendered January 28, 1993, convicting defendant of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The People established all of the elements of both counts by overwhelming evidence, including police testimony that defendant threw over 200 uniformly packaged vials of crack cocaine out of a window.

Defendant's motion to suppress the physical evidence found in his possession was properly denied. The radio transmission of the observing officer contained sufficiently specific information, under the attendant circumstances (*see, People v McDonald*, 227 AD2d 309; *People v Tucker*, 223 AD2d 424) to

provide the backup team with reasonable suspicion entitling them to pursue defendant and stop and detain him until he could be positively identified (*People v De Bour*, 40 NY2d 210, 223).

Defendant's speedy trial motion was properly denied. We note specifically that periods during which the court stayed a bench warrant are excludable (*see, People v Rowe*, 227 AD2d 212, *lv denied* 88 NY2d 993), and that periods not challenged by defendant on the motion may not be challenged for the first time on appeal (*see, People v Luperon*, 85 NY2d 71, 77-78). Defendant's other speedy trial arguments are without merit.

We conclude that even if there was error in the People's cross-examination of defendant concerning the contents of his alibi notice, it was harmless in view of the court's curative instruction and the overwhelming evidence of guilt (*People v Reyes*, 220 AD2d 335, *lv denied* 87 NY2d 924).

The court properly exercised its discretion when it denied defendant's untimely, midtrial request for a two-week adjournment for the purpose of calling a police witness to elicit a minor inconsistency.

On the totality of the existing record, we find that defendant received effective assistance of counsel. We perceive no abuse of sentencing discretion. We have reviewed defendant's remaining claims and find that they are unpreserved and without merit. Concur—Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.