■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD NOTHOLT, Respondent. [662 NYS2d 297] Order, Supreme Court, New York County (Herbert Adlerberg, J.), entered on or about May 31, 1996, which granted defendant's motion to dismiss the indictment charging him with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree pursuant to CPL 30.30, unanimously reversed, on the law, the motion denied and the indictment reinstated.

On May 12, 1995, defendant and five other individuals were arrested in connection with the sale and possession of cocaine. Separate felony complaints were filed, and ultimately defendant and two others, Patricia Clarke and Damon Roebuck, were charged in a single indictment. In April 1996, all three moved to dismiss the indictment on speedy trial grounds, pursuant to CPL 30.30. In a written decision, the court granted the motion as to Clarke and Notholt. The People moved for reargument on July 15, 1996, upon receipt of the minutes of certain adjournments. This motion was denied on July 26, 1996, on the ground that two months had elapsed since the date of the original decision. This appeal concerns only defendant Notholt, as to whom the court found that 199 days were chargeable to the People, in excess of the six months within which the People had to be ready.

Upon review of the periods of delay at issue, we find that 103 days were improperly charged to the People, and that they should have been charged with only 96 days of includable time. Accordingly, the motion to dismiss the indictment on speedy trial grounds should have been denied.

The 103 days incorrectly charged to the People comprise two contiguous time periods, from May 18, 1995 to June 29, 1995, and from June 29, 1995 to August 29, 1995. Each period was excludable for the reasons discussed below.

### May 18, 1995 to June 29, 1995 (42 days)

This period consists of two separate adjournments, from May 18th to May 30th, and from May 30th to June 29th. Defendant's motion does not specifically raise the includability of either time period. Indeed, the motion does not mention these 42 days at all; it merely states that after arraignment on May 13th, the case was adjourned for Grand Jury action and defendant was thereafter indicted in October 1995. To the extent that the motion seems to specifically contest any particular time periods, it discusses the delay from January 18, 1996 to March 22, 1996, and, on separate grounds, from December 12, 1995 to March 8, 1996.

The prosecutor's papers in opposition to the motion, however, review each period of adjournment prior to the CPL 30.30 motion. On May 18, 1995, according to the prosecutor, the defense "requested and consented to" an adjournment to May 30th; on May 30th, defendant again "requested and consented to" an adjournment to June 29th. Notwithstanding the People's claim to this effect, the defendant's failure to raise or challenge these two adjournments specifically and the court's own observation that the "court papers are marked with consent adjournments" on both the May 18th and May 30th adjourned dates, the court charged this 42-day period to the People, finding that the People had failed "to supply any minutes in support of their contention that the defendants willingly consented to pre-indictment adjournments for no specific purpose. There is no discussion of plea negotiations or the defendant wishing to testify before the grand jury, which would be reason for the defendant Notholt to consent to the adjournments."

Thus, citing *People v Liotta* (79 NY2d 841), the court concluded that the People had failed to prove that defendant had "expressly consented to the 42 days of pre-indictment delay" and deemed the time includable.

Initially, this 42-day period should have been excluded given the fact that defendant did not deny the prosecutor's explanations for the adjournments at issue or otherwise challenge them (*see, People v Mendoza*, 82 NY2d 415, 428). In addition, the court papers corroborated the People's contention; at the very least, therefore, the People should have been afforded the opportunity to obtain the minutes of these two adjourned dates

if the court questioned the adjournment despite the court endorsements and defendant's failure to dispute them. While the People acknowledge that it is their burden in the first instance to ensure that an adequate record is made so that, upon a CPL 30.30 motion, a court may "make an informed decision" as to whether the time is includable (*People v Cortes*, 80 NY2d 201, 215-216), the People do not have the burden of obtaining the minutes of every adjourned date, challenged or not, in order to succeed on such a motion.

Here, after the court found that these two adjournments were chargeable, the People did obtain the minutes and submitted them along with a motion for reargument, which was denied. These minutes reveal that defense counsel did indeed consent to each adjournment; in fact, on May 30th, the attorney who later made the CPL 30.30 motion appeared for the first time and expressly consented to the adjournment to June 29th, due to the "reciprocal 190.50 application." We have previously had occasion to review minutes of adjournments that were not available to the motion court at the time the motion was decided (*see, e.g., People v Rowe*, 227 AD2d 212, *lv denied* 88 NY2d 993). *People v Liotta* (*supra*), on which the court relied, is distinguishable from the facts before us, for that case holds that consent must be express, not implied; the minutes here clearly reflect unequivocal consent.

When this 42-day period is subtracted from the total 199 days found chargeable by the court, the People were well within the statutory six-month period.

### June 29, 1995 to August 29, 1995 (61 days)

The court did not mention this 61-day period specifically in its decision, but it is included in the total time charged to the People. The court's decision states at the outset that "[t]he time period between the arraignment in the Criminal Court and the arraignment on the indictment in the Supreme Court is chargeable to the People pursuant to *People v. Correa*, 77 NY2d 930," unless the People file a "bona fide statement of readiness prior to the arraignment." *Correa*, however, holds only that delay between indictment and arraignment (on the indictment) due to scheduling problems is not excludable because such delay does not prevent the People from being ready. This principle does not operate to eliminate otherwise recognized excludable time periods provided in CPL 30.30 (4). In charging the People with the entire time period from the date of arraignment on the complaint (May 13th) to the date on which the People filed a statement of readiness in October

1995, which encompasses this single adjournment of 61 days, the court overlooked the prosecutor's account of what transpired on June 29th.

The prosecutor's response papers stated that on June 29th, defendant did not appear in court, a bench warrant was ordered and stayed and the case was adjourned to August 29, 1995. Citing our decision in *People v Patterson* (165 AD2d 779, *lv denied* 77 NY2d 881), the People argued that the period during which the warrant was ordered but stayed was explicitly excludable under CPL 30.30 (4) (c). As previously noted, defendant's motion papers make no specific reference to this adjournment, and defendant never disputed the People's assertions in this regard.

We have previously recognized that the time during which a defendant is absent and a bench warrant is stayed is excludable pursuant to CPL 30.30 (4) (c) (*see, e.g., People v Cruz*, 236 AD2d 322, 323; *People v Rowe, supra*, at 214; *People v Porch*, 212 AD2d 360, 361, *lv denied* 86 NY2d 845). We note that the minutes subsequently obtained by the prosecutor and submitted with the motion for reargument include this adjourned date and corroborate the prosecutor's version of what transpired on June 29th. Thus, this 61-day period should not have been charged to the People.

Together with the 42-day period discussed above, this brings the total time chargeable to the People to 96 days, instead of 199 days, well within the six-month period within which the People must be ready for trial. Accordingly, defendant's CPL 30.30 motion should have been denied. Concur—Sullivan, J. P., Milonas, Williams and Tom, JJ.