■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHU ZHU, Respondent. [670 NYS2d 122] —Appeal by the People from an order of the Supreme Court, Kings County (Greenberg, J.), dated January 23, 1997, which, upon amending a prior order of the same court (Brill, J.), dated November 26, 1996, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment (*see, People v Chu Zhu,* 171 Misc 2d 298).

Ordered that the order is reversed, on the law, the defendant's motion pursuant to CPL 30.30 is denied, and the indictment is reinstated.

We agree with the People that they were improperly charged with the eight-day period of delay from May 20 to May 28, 1996. In opposing the defendant's motion pursuant to CPL 30.30, the Assistant District Attorney averred that this adjournment had been occasioned by the defense counsel's desire to engage in plea negotiations. This assertion was supported by the submission of a copy of a plea negotiation letter which he received from defense counsel which made reference to the adjourned date. Therefore, the evidence indicated that the defendant acquiesced in the delay of the proceedings for the purpose of conduct in plea negotiations, and the period of delay was excludable (*see, People v Crogan,* 237 AD2d 745; *People v Rodriguez,* 184 AD2d 317). Review of the transcript of the May 20, 1996, proceedings (*see,* Fisch, New York Evidence § 1065 [2d ed]; *see, e.g., People v Notholt,* 242 AD2d 251; *People v Rowe,* 227 AD2d 212) further supports this conclusion, since that transcript demonstrates that defense counsel consented to the delay so that plea negotiations could be pursued. Upon deducting this period from that total amount of delay, the total delay does not exceed six calender months. Accordingly, the defendant's motion must be denied and the indictment must be reinstated.

In view of the foregoing, we have no occasion to consider the other periods of delay discussed by the parties. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.