THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FAGAN, Appellant. [688 NYS2d 53] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered March 5, 1996, convicting defendant, after a jury

trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Based on our reading of the entire record, including minutes and affirmations of engagement furnished to this Court (*see, People v Notholt*, 242 AD2d 251), we conclude that the court properly denied defendant's speedy trial motion. The period of January 3 to January 19, 1995 was not chargeable to the People since the minutes of January 3rd reflect that the court adjourned the case for the purpose of motion practice (CPL 30.30 [4] [a]). For the period of April 3 to April 19, 1995, the first two weeks were excludable since, by affirmation of engagement dated April 3, 1995, defense counsel requested a two-week adjournment (CPL 30.30 [4] [b]). However, we find that the remaining two days were includable since there is no record that defense counsel requested an adjournment beyond the first two weeks (*People v Daniels*, 217 AD2d 448, 451, *appeal dismissed* 88 NY2d 917). The period from April 19th to May 8, 1995 was excludable because defense counsel submitted an affirmation of engagement, dated April 18, 1995, seeking a one-week adjournment, and the minutes of the April 19th calendar call sufficiently establish that counsel orally requested a further adjournment to the second week in May (CPL 30.30 [4] [b]). Contrary to the court's conclusion, we find that the period from September 6 to September 11, 1995 was includable because there is no record indicating that defense counsel requested this five-day adjournment (*People v Daniels, supra*). The period from January 8 to January 17, 1996 was excludable since the delay resulted from the absence of defense counsel through no fault of the court (CPL 30.30 [4] [f]), and was occasioned by exceptional circumstances, namely the blizzard of January 1996 (CPL 30.30 [4] [g]; *see also, Matter of Gerard T.*, 245 AD2d 115, *lv denied* 91 NY2d 809). In sum, we find that, beyond the 165 found includable by the court, 7 additional days should have been included, for a total of 172 days, which is less than the 182 days in which the People were required to be ready for trial.

Defendant's challenge to the court's charge on reasonable doubt is unpreserved for our review and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge conveyed the proper standards. Concur—Nardelli, J. P., Wallach, Lerner and Andrias, JJ.