■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE JACKSON, Appellant. [700 NYS2d 453] —Judgment, Supreme Court, New York County (Richard Andrias, J., at speedy trial motion; Marcy Kahn, J., at jury trial and sentence), rendered January 3, 1995, convicting defendant of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 5 to 15 years and 1 year, respectively, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The People were required to be ready for trial within 183 days in this case. The People concede 47 days of includable time up until January 21, 1993. Contrary to defendant's contention, the court did not decide that the periods from January 21 to February 11, 1993 and February 11 to March 2, 1993 were includable for speedy trial purposes but placed these periods in "defendant's column * * * subject to getting the minutes." A

review of the minutes for the disputed days (see, *People v Fagan*, 260 AD2d 219; *People v Notholt*, 242 AD2d 251) reveals that on January 21, 1993, defense counsel was engaged in trial expected to last two weeks. On February 11, 1993, the People declared ready for trial and the case was adjourned to March 2, 1993. Thus, the period between January 21, 1993 and March 2, 1993 is not includable. On April 27, 1993, defendant interposed a defense of not guilty by reason of mental illness or mental defect. Defendant concedes that no time is chargeable to the People between that date and February 10, 1994, when defendant furnished his psychiatrist's report. The People retained an expert who examined defendant and this expert's report was filed on September 21, 1994. Contrary to defendant's assertion, this delay, occasioned by the need for psychiatric evaluations, is excludable under CPL 30.30 (4) (a) (*People v Rodriguez*, 192 AD2d 465). We conclude that this examination fell within the category of "other proceedings" contemplated by the statute. Such an examination by a People's expert is not a mere evidence-gathering device, but a procedure closely regulated by statute (CPL 250.10), which, as a practical matter, is the normal result of a defendant's assertion of a psychiatric defense. While the reasonableness of the delay must be considered for an exclusion under CPL 30.30 (4) (a), we find the delay reasonable in the circumstances of this case. Certain portions of the seven-month delay, during which the prosecution made reasonable efforts to schedule an examination and psychiatric report on defendant, are excludable. Since the delays occurred post-readiness, the People should only be charged with periods of delay due to their inaction and solely attributable to them (see, *People v Cortes*, 80 NY2d 201, 210; *People v Anderson*, 66 NY2d 529, 536). On this basis, the People are chargeable with 6 days from February 10 to 16, 1994, 18 days from March 17 to April 4, 1994 and 16 days from April 4 to April 20, 1994, representing the period it took them to decide whether to retain an expert, and they are likewise chargeable with the period from June 1, 1994 to June 30, 1994, a period of 29 days, when the People claimed that they were still gathering defendant's medical records to forward to their psychiatrist. The remaining delays were caused by factors outside the control of the prosecutor, including defendant's refusal to be interviewed. Based on the foregoing, a total of 69 days should be chargeable to the People after February 10, 1994. When that is added to 47 days of pre-readiness delay, the People are chargeable with 116 days, well within the six-month limit. Moreover, even if we were to find the period from January 21 to March 2, 1993, discussed *supra*, to be includable, the limit would not be exceeded.

Defendant was not denied his constitutional right to a speedy trial (*see, People v Taranovich,* 37 NY2d 442, 445), particularly since much of the 28-month delay between the commencement of the action and the start of trial was occasioned by defendant, who interposed a psychiatric defense and filed his psychiatrist's report 18 months after the commencement of the action.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of serious physical injury, in that the record establishes that the victim received a prominent, permanent scar.

The trial court's comments regarding defendant's right to testify did not render involuntary defendant's decision not to testify (*see, United States v Joelson,* 7 F3d 174, 178, *cert denied* 510 US 1019; *see also, People v Gelman,* 93 NY2d 314, 320-321).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Nardelli, Rubin and Friedman, JJ.