■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMAL ANDREWS, Respondent. [763 NYS2d 540] —Order, Supreme Court, Bronx County (Patricia Williams, J.), entered on or about March 14, 2002, which granted defendant's speedy trial motion pursuant to CPL 30.30 and dismissed the indictment, unanimously affirmed.

The court properly dismissed the indictment. The 140-day delay from June 12 to October 30, 2001 was properly charged to the People. The record, which the People had the burden to clarify, does not support their contention that the case was adjourned for the People to submit opposition papers regarding a motion that had been resolved during the June 12 court appearance, and/or for the court's continued consideration of the motion. Therefore, that period was properly charged to the prosecution based on its adjournment request (*see People v Jamison*, 87 NY2d 1048 [1996]). Although the matter was inexplicably adjourned by the court on June 26 to October 30, 2001, there was nothing about the adjournment that would have excused the People from filing a certificate of readiness (*see People v Collins*, 82 NY2d 177, 181-182 [1993]; *People v Betancourt*, 217 AD2d 462, 464-465 [1995], *lv denied* 87 NY2d 844 [1995]). When this 140-day period is coupled with the 53 days that the People conceded to be includable, the total includ-

able time exceeds the statutory six-month time limit. Although the People were improperly charged with the delays from January 2 to January 16, 2001 and March 13 to May 15, 2001 (*see People v Douglas*, 264 AD2d 671 [1999], *lv denied* 94 NY2d 862 [1999]), those periods do not affect the result. Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.