OPINION OF THE COURT
Eileen N. Nadelson, J. ■
Defendant was arrested in the evening of September 27, 2006, *479 and charged with assault in the third degree, menacing in the third degree and harassment in the second degree. He was arraigned on September 28, 2006, and released on his own recognizance. The case was adjourned to November 16, 2006. When defendant failed to appear on that adjourned date, defense counsel requested that the warrant be stayed, which application was granted by the court. The People also stated that they were not ready to convert.
At the request of defendant, the matter was adjourned to January 17, 2007, on which date the People again declared that they were not ready. Defendant asserted that the case was now past the speedy trial period mandated under CPL 30.30, and, therefore, the case should be dismissed. However, both sides agreed that the dismissal hinged on whether or not the time period during which the warrant was stayed is excludable for the purposes of the speedy trial calculations. The court notes that while this issue has been addressed in the First Department, the question as to whether a stayed warrant is excludable under CPL 30.30 is one of first impression in the Second Department. The matter was deferred to the court for a decision on the oral motion.
In the case at bar, a motion to dismiss “must be granted where the people are not ready for trial within: . . . ninety days of the commencement of a criminal action” (CPL 30.30 [1] [b] [for class A misdemeanors]). More than 90 days has passed since the time of arraignment on September 28, 2006 to January 17, 2007. In the absence of any excludable periods, the case must be dismissed.
The method for determining such excludable periods is governed by CPL 30.30 (4) and, specifically, in this case, by subdivisions (b) and (c) (i).
CPL 30.30 (4) (b) excludes “the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.”
CPL 30.30 (4) (c) (i) excludes “the period of delay resulting from the absence or unavailability of the defendant.”
From September 28, 2006 to November 16, 2006, when defendant failed to appear, the People were correctly charged a total of 49 days. Thereafter, the time is excludable. It is undisputed that defense counsel requested and consented to the adjournment date of January 17, 2007. Whether or not the People announce ready, the subsequent period is properly excluded from the time in which the People are required to be ready because *480 “defendant failed to appear and a bench warrant was issued and stayed against him.” (People v Benjamin, 292 AD2d 191, 192 [1st Dept 2002]; see also, People v Patterson, 165 AD2d 779 [1st Dept 1990] [period excludable since bench warrants were stayed at request of defense counsel].)
In People v Notholt, the Court followed precedent in holding that “the time during which a defendant is absent and a bench warrant is stayed is excludable pursuant to CPL 30.30 (4) (c).” (242 AD2d 251, 254 [1st Dept 1997].)
In light of the fact that the time properly charged to the People does not exceed the 90-day period required by CPL 30.30, the speedy trial application to dismiss is denied.