The People of the State of New York, Respondent, 
against
Ross Alexander, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J., at remand of speedy trial motion; Steven M. Statsinger, J., at trial and sentencing), rendered March 27, 2017, convicting him, after a nonjury trial, of attempted forcible touching and sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Tamiko A. Amaker, J., at remand of speedy trial motion; Steven M. Statsinger, J., at trial and sentencing), rendered March 27, 2017, affirmed.
Defendant's speedy trial motion was properly denied on remand. The first period in dispute, the 10-day period between October 21, 2016 and October 31, 2016, was excludable. At a prior appearance, the Court granted the defense request to include the case in the "trial reservation" system, which, according to the record before us, required a control date. On the October 21 control date, however, the court informed the parties that "trial reservation" was no longer available. The court therefore adjourned the case to November 21 for trial. On October 31, the People filed a certificate of readiness. 
We agree with Criminal Court that it was the unavailability of "trial reservation" on October 21 that necessitated an adjournment to November 21, not any delay caused by the People. Since "post-readiness delay may be charged to the People only where and to the extent a delay is actually caused by them" (People v Dushain, 247 AD2d 234, 236 [1998], lv denied 91 NY2d 1007 [1998]), the motion court properly found that the adjournment was excludable since it was caused by defendant's request, not inaction on the part of the People (see CPL 30.30[4][b]).
We also agree that the period between January 9, 2017 and January 25, 2017 was excludable, since the "time during which a defendant is absent and a bench warrant is stayed is excludable pursuant to CPL 30.30(4)(c)" (People v Notholt, 242 AD2d 251, 254 [1997]; see CPL 30.30[4][c][ii]; People v Benjamin, 292 AD2d 191, 192 [2002], lv denied 98 NY2d 635 [2002]). While defendant did not request the stay, "the adjournment occurred under circumstances most [*2]advantageous to defendant" (People v Espinosa, 170 AD2d 309, 309-310 [1991], lv denied 78 NY2d 954 [1991]; see People v Rowe, 227 AD2d 212, 214 [1996], lv denied 88 NY2d 993 [1996]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 30, 2020