People v Portalatin (2026 NY Slip Op 50059(U))

[*1]

People v Portalatin

2026 NY Slip Op 50059(U)

Decided on January 20, 2026

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2026
Criminal Court of the City of New York, Kings County

The People of the State of New York

againstEric Portalatin, Defendant.

Docket No. CR-003205-25KN

Prosecution: Kings County District Attorney's Office by ADA Jane WeissDefendant: Mark S. Cossuto, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds, alleging that omissions in their automatic discovery render the Prosecution's Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion to dismiss is DENIED.
 BACKGROUND AND PRIOR PROCEEDINGSDefendant was arraigned on a misdemeanor complaint charging Operating a Motor Vehicle Under the Influence of Alcohol or Drugs and related offenses on January 19, 2025 (VTL §1192[1]). On March 6, the parties appeared in Part DWI, where the Prosecution served and filed a Superseding Information (SSI) and announced they were not ready for trial. On March 14, the Prosecution served and filed their COC and SOR. On April 2, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC) with additional discovery. On April 18, the Prosecution served and filed another SCOC with additional discovery. On April 28, the parties appeared in Part DWI, where the Court ordered the parties to confer about missing discovery and adjourned the case for Defendant's reciprocal COC. On June 16, the parties appeared in Part DWI, where the Court ordered Defendant to file a reciprocal COC and adjourned the case for hearings and trial. On August 18, the parties appeared in Part TP2. The Prosecution did not make any readiness statement. Because of court congestion, the Court adjourned the case for hearings and trial. The Court also ordered Defendant to file a reciprocal COC. On September 5, Defendant filed his COC. On September 17, the parties appeared in Part TP2, where the Prosecution announced they were not ready and requested five days because their witness was unavailable. On October 24, the parties appeared in Part TP2, where the Prosecution announced that they were ready to proceed. However, the Court set a motion schedule at Defendant's request and adjourned the case for decision on the motion or hearings. On November 10, Defendant filed the instant motion. On December 8, the parties appeared in Part TP2, where the case was adjourned for decision on the motion.
Defendant argues that the Prosecution's COC was illusory because they had not yet turned over materials that existed at the time of his arrest. Specifically, he points to the materials [*2]disclosed on April 18 with their SCOC; the Prosecution explains the belated disclosure by stating that the materials did not exist when they filed their COC on March 14. However, Defendant refutes this and argues that it renders their COC invalid. Defendant argues that the Prosecution must be charged speedy trial time from January 19 until April 18, totaling eighty-nine days. He also argues that they must be charged five days starting on September 17 and five days starting on October 24, as on each date, they announced they were not ready and requested five days. This, he argues, brings the total speedy trial time to ninety-nine days, more than the statutorily permissible period.
The Prosecution argues that they filed their COC in good faith after exercising due diligence, as required by CPL §245.50(1). Thus, they argue that it was sufficient to stop the speedy trial clock on March 14 at fifty-four days of includable time. They concede that they should be charged five days from September 17 but dispute the rest of Defendant's calculation. As to October 24, they argue that Defendant requested a motion schedule, which triggers CPL §30.30(4)(a)'s exclusion. In total, the Prosecution assesses fifty-nine days of includable time.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to several categories of materials which are in possession, custody or control of the prosecution or persons under the prosecution's direction and control (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30[1][b], the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are [*3]excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
It is undisputed that the Prosecution accrued fifty-four days of speedy trial time between the commencement of the criminal action on January 19 and the day they filed their COC on March 14. It is also undisputed that they accrued five more days of speedy trial time on September 17, when they were not ready to proceed and requested the time. Thus, the parties agree to fifty-nine days of includable time.
Defendant argues that the Prosecution must be charged for the period between when they filed their COC on March 14 and when they filed their second SCOC on April 18 but does not explicitly explain why. He does, however, state that the materials the Prosecution turned over on April 18 with their second SCOC existed at the time they filed their original COC on March 14. His argument is, in a word, threadbare. However, from the information presented, the Court gleans that the materials at issue are from the Office of the Chief Medical Examiner (OCME), which is not an arm of law enforcement. Because records from OCME are not statutorily in the Prosecution's possession, they are not contemplated by CPL §245.20(1). Rather, they are within the purview of CPL §245.20(2), which requires the Prosecution to make good faith, diligent efforts to obtain and disclose materials not their possession or control. Based on the information before it, the Court has no basis upon which to charge the Prosecution for the period following their COC and SOR. Accordingly, the Court agrees with the Prosecution that the speedy trial clock stopped running when they filed their COC and SOR on March 14.
This, however, does not end the inquiry. On August 18, the parties appeared for the first scheduled hearing and trial date, where the Prosecution failed to make any statement as to their readiness on the record, affirmative or negative. The only indication of their status occurred when defense counsel asked, "Are the People ready?" to which the Prosecution responded, "Your honor, my notes are that we never received the defense COC, and that the assigned ADA is that we're going to schedule hearings for the sorry." After that, the Court admonished Defendant about the absence of his COC, said it was unable to proceed with hearings and trial that day due to court congestion, and asked when in September the parties could proceed.
Court congestion is not enough to excuse the Prosecution from their obligation to announce their readiness to continue tolling the speedy trial clock for the remainder of the adjournment period; "court congestion and other administrative delays not occasioned by the People's own laxity do not relieve the People of their duty to maintain trial readiness" (People v Sitrrup, 91 NY2d 434, 440 [1998]). In other words, the issue of the Prosecution's readiness to proceed is entirely separate from that of the Court's availability (People v Jamison, 87 NY2d 1048 [1996] [where, in a post-readiness context, the prosecution failed to assert their readiness for trial on the record or seek clarification from the court as to the basis for a lengthy adjournment, the entire period was chargeable to them]). "Charging courts with postreadiness delays means the People are in fact 'ready for trial' and the court's congestion (or the defendant's unreadiness, or other factors affecting court availability) is the only reason preventing the case from advancing to trial" (People v Labate, 42 NY3d 184, 192 [2024]). Moreover, Defendant's [*4]failure to timely file a reciprocal COC has no bearing on the Prosecution's readiness for trial; it merely opens the door for appropriate sanctions under CPL §245.80, should the defense belatedly disclose discoverable materials.
Based on the record presented, it is impossible to know whether court congestion was the sole barrier to the case moving forward, or if the Prosecution's unreadiness accounted for some or all the delay. Indeed, the Court has no way of knowing whether the Prosecution was ready to proceed at all. Based on the Prosecution's truncated response about not receiving Defendant's COC and needing to schedule hearings, it seems likely that they were not. In their opposition to Defendant's motion to dismiss, the Prosecution does not address the speedy trial implications of this adjournment at all. They simply presume it is not chargeable time. Given the dearth of information in the record or argument from the Prosecution as to why the time should be excluded, the Court finds that the entire period from August 18 to September 17 is chargeable to the Prosecution (People v Labate, 42 NY3d 184 [2024]; People v Kendzia, 64 NY2d 331 [1985]; People v Liotta, 588 NE2d 82 [1992]). This brings the total includable speedy trial time to eighty-nine days.
As to the appearance on October 24, the record refutes Defendant's characterization that the Prosecution requested five days. At that appearance, the Prosecution stated clearly on the record that they were ready. However, litigation was delayed because Defendant sought a dismissal on speedy trial grounds or a motion schedule to argue as much. As the Prosecution correctly argues, CPL §30.30(4)(a) provides an exclusion for reasonable periods of delay stemming from motion practice. The Court set a motion schedule for Defendant's challenge and adjourned the case for decision on the motion or hearings. Defendant subsequently filed his motion to dismiss on November 10, per the schedule set by the Court. The Court finds that the adjournment on October 24 is excludable under CPL §30.30(4)(a). Likewise, the Court agrees with the Prosecution that the speedy trial clock remained paused pursuant to CPL §30.30(4)(a) on December 8 when the case was adjourned for decision on the motion. 

CONCLUSION
The Prosecution is charged eighty-nine days of speedy trial time. Because they have not exceeded their statutorily permissible ninety-day limit, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: January 20, 2026Brooklyn, NYHon. Joshua Glick